JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 12-00164 DMG (SPx)** | Date | February 13, 2012 |
| Title | *S&S Investment, Inc. v. Lilia G. Rubio, et al.* | Page | 1 of 3 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER REMANDING ACTION TO SAN BERNARDINO COUNTY SUPERIOR COURT**

On December 2, 2011, Plaintiff S & S Investment, Inc. filed a complaint in San Bernardino County Superior Court for unlawful detainer against Defendants Lilia G. Rubio, Joaquin Rubio Mata, and Does 1 through 10. Plaintiff seeks possession of real property and restitution for Defendants' use and occupancy of the property in the amount of $75 per day starting on December 2, 2011. (Compl. at 3.) On December 12, 2011, Sandra Visconte, who claims to have occupied the subject property at the time that this action commenced and asserts a right of possession therein, joined this action as a defendant by filing a declaration pursuant to California Code of Civil Procedure section 415.46. Visconte then removed the case to this Court on February 3, 2012, asserting subject matter jurisdiction on the basis of a federal question. *See* 28 U.S.C. §§ 1331, 1441.

"The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted).

The complaint contains no federal question on its face. Visconte nonetheless contends that Plaintiff has engaged in "artful pleading" because federal law preempts an unlawful detainer action in California. (Notice of Removal [Doc. # 1] ¶¶ 6-7.) Specifically, Visconte points to the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"), Pub. L. No. 111-22, § 702, 123 Stat 1632, 1660-61 (codified at 12 U.S.C. § 5220 notes).[1] She argues that the PTFA preempts an

---

[1] In addition, Visconte asserts that "[i]t is impossible to evict a bona fide residential tenant of a foreclosed landlord in California under State law, since the cause of action is purely a Federal one in ejectment." (Notice of Removal ¶ 6(d).) This is an incorrect statement of the law. Unless, contrary to the situation here, "the complaint

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 12-00164 DMG (SPx) | Date | February 13, 2012 |
|---|---|---|---|
| Title | S&S Investment, Inc. v. Lilia G. Rubio, et al. | Page | 2 of 3 |

unlawful detainer action because it is inconsistent with California law in three respects: (1) the extent to which the purchaser at a foreclosure sale takes title subject to the rights of an existing *bona fide* tenant; (2) the number of days notice required before a purchaser at foreclosure may evict a tenant; and (3) the conditions under which a purchaser at foreclosure can give notice of termination to a tenant. (Notice of Removal ¶ 6.)

"It is 'settled law that a case may not be removed to federal court on the basis of a federal defense, *including the defense of preemption*, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042-43 (9th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 14, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)) (emphasis added). Visconte disputes that PTFA preemption is a defense. According to Visconte, Plaintiff cannot state a cause of action to remove a tenant following foreclosure without an allegation that it complied with the PTFA's 90-day notice requirement. (Notice of Removal ¶ 13.)

Although Visconte is correct that an unlawful detainer plaintiff "must allege and prove proper service of the requisite notice," *Palm Prop. Invs., LLC v. Yadegar*, 194 Cal. App. 4th 1419, 1425, 123 Cal. Rptr. 3d 816 (2011) (quoting *Liebovich v. Shahrokhkhany*, 56 Cal. App. 4th 511, 513, 65 Cal. Rptr. 2d 457 (1997)), it does not follow that an unlawful detainer action presents a federal question. Even if, as Visconte contends, California's notice requirements are less strict than those imposed by federal law, "the plaintiff is 'the master of his complaint' and may 'avoid federal jurisdiction by relying exclusively on state law.'" *Hunter*, 582 F.3d at 1042 (quoting *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000)). That Plaintiff anticipates a PTFA defense (*see* Notice of Removal ¶ 13 ("The notice purports to comply with the PTFA . . . .")) does not raise a federal question. *See Hunter*, 582 F.3d at 1042-43. To the extent Visconte asserts that Plaintiff failed to comply with the PTFA, this assertion is best characterized as a defense or potential counterclaim. *Aurora Loan Servs., LLC v. Montoya*, No. 2:11–cv–2485–MCE–KJN–PS, 2011 WL 5508926, at *3, 2011 U.S. Dist. LEXIS 129905, at *11 (E.D. Cal. Nov. 9, 2011).

Accordingly, the Court rejects Visconte's contention that the PTFA provides a basis for federal question jurisdiction. The complaint simply does not present a federal question—either explicitly or implicitly. Nor does the complaint reveal any possibility of diversity jurisdiction.

---

assert[s] a current right to possession conferred by federal law, wholly independent of state law," ejectment is a state-law cause of action that provides no basis for federal question jurisdiction notwithstanding the existence of defenses under federal law. *Oneida Indian Nation v. Oneida County, N.Y.*, 414 U.S. 661, 665-66, 94 S.Ct. 772, 39 L.Ed.2d 73 (1974) (citing *Taylor v. Anderson*, 234 U.S. 74, 34 S.Ct. 724, 58 L.Ed. 1218 (1914)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 12-00164 DMG (SPx)** | Date | February 13, 2012 |
|---|---|---|---|
| Title | *S&S Investment, Inc. v. Lilia G. Rubio, et al.* | Page | 3 of 3 |

The amount in controversy is well below the $75,000 jurisdictional threshold for diversity jurisdiction. The caption of the underlying state court complaint clearly states that the amount of damages sought by Plaintiff does not exceed $10,000.

As Visconte has not established a basis for subject matter jurisdiction, this action is hereby **REMANDED** to San Bernardino County Superior Court.

**IT IS SO ORDERED.**

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk vv |
|---|---|---|